# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE GOLDMAN SACHS TRUST COMPANY, N.A., in its capacity as Executor of the Estate of Stuart Feigin,<br><br>                Plaintiff,<br><br>vs.<br><br>EDWARD HAMBURGER f/k/a EDWARD HAMILTON, and HAMBURGER'S SPECIALTY VEHICLES, INC. d/b/a SPECIALTY VEHICLE ENGINEERING, INC.,<br><br>                Defendants. | Civil Action No.:<br><br>*Document Electronically Filed*<br><br>**COMPLAINT** |

Plaintiff, The Goldman Sachs Trust Company, N.A., in its capacity as the Executor of the Estate of Stuart Feigin, by and through its undersigned attorneys, Greenberg Traurig LLP, states and alleges:

## **PARTIES**

1. Stuart Feigin died on July 5, 2023 ("Feigin") an individual and resident of the State of Nevada, whose last principal address was 611 Silver Charm Way, Reno, Nevada, 89511. ("Feigin").

2. Feigin named The Goldman Sachs Trust Company, N.A. ("GSTC"), a national association with its principal place of business at 200 West Street, 40th Floor, New York City, New York 10282, as executor of his Last Will and Testament dated October 30, 2012 ("Will").

3. Feigin's Will was duly admitted for probate before the Clerk of Court of the Second Judicial District Court of Washoe County, Nevada and GSTC was formally appointed as executor

of the Estate of Stuart Feigin on October 16, 2023. A copy of the Letters Testamentary evidencing GSTC's appointment as executor of the Estate of Stuart Feigin is attached hereto as Exhibit A. GSTC, in its capacity as the executor of the Estate of Stuart Feigin is the plaintiff herein.

4. Defendant Edward Hamburger f/k/a Edward Hamilton, ("Hamburger") is an individual and, upon information and belief, a resident of the State of Michigan whose principal address is 31745 Mound Road, Warren, Michigan 48092.

5. Hamburger's Specialty Vehicles, Inc. d/b/a Specialty Vehicle Engineering, Inc., ("HSVI") is a New Jersey Corporation with a principal place of business at 1501 Industrial Way North, Toms River, New Jersey, 08755.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a): there is diversity of citizenship between the plaintiff, on the one hand, and defendants Hamburger and HSVI on the other hand, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Accordingly, this action involves citizens of different States within the definition of 28 U.S.C. § 1332(a)(1).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted by plaintiff in this Complaint took place within the District of New Jersey. Moreover, New Jersey is the location of HSVI and, upon information and belief, the jurisdiction where Hamburger resided at the time when he entered into the loan agreements that form the basis of this lawsuit.

## FACTUAL BACKGROUND

8. From May 2015 until January 2018, Feigin loaned Hamburger and HSVI a total principal sum of at least $1,900,000 pursuant to the terms of seven (7) separate Promissory Notes

("Notes") signed by Hamburger both individually and on behalf HSVI. These seven (7) Notes are attached to this Complaint as Exhibit B.

9. Plaintiff possesses the Notes and, despite repeated requests for information from Hamburger, has no indication that Hamburger or HSVI repaid any of the amounts due under the seven (7) Notes.

10. Each of the seven (7) Notes provides for the recovery of all costs and attorneys' fees if enforcement action is required in order to collect the debts owed to Feigin, and now due to his estate.

11. Each of the seven (7) Notes provides that it "shall be interpreted and construed in accordance with the laws of the State of New Jersey without regard to conflicts of law principles."

## COUNT I
### (Default Under Note 1 dated May 26, 2015 in the Principal Amount of $500,000 Plus Interest at 5% Per Annum)

12. Feigin loaned the principal sum of $500,000 to Hamburger pursuant to the terms of a Promissory Note dated May 26, 2015, signed by Hamburger ("Note 1").

13. Pursuant to the terms of Note 1, interest was to accrue at the rate of five percent (5%) per annum, payable quarterly, with $2,000 for each General Motors or Jeep vehicle produced and delivered by HSVI applied to the principal until paid in full.

14. Note 1 is an enforceable agreement whereby Feigin lent money to Hamburger and, correspondingly, Hamburger agreed to repay Feigin.

15. Plaintiff is not aware that Hamburger has made any payment of principal or interest owing under Note 1 and is, therefore, in default under Note 1.

16. Payment of all principal and accrued interest under Note 1 is due and owing in the amount of $500,000 plus interest accruing at the rate of 5% per annum.

## COUNT II
### (Default Under Note 2 dated October 28, 2015 in the Principal Amount of $300,000 Plus Interest at 5% Per Annum)

17. Feigin loaned the principal sum of $300,000 to HSVI pursuant to the terms of a Promissory Note dated October 28, 2015, signed by Hamburger ("Note 2").

18. Pursuant to the terms of Note 2, interest was to accrue at the rate of five percent (5%) per annum, payable quarterly, with all principal and interest paid in full by November 1, 2016.

19. Note 2 is an enforceable agreement whereby Feigin lent money to HSVI and, correspondingly, HSVI agreed to repay Feigin.

20. Plaintiff is not aware that HSVI has made any payment of principal or interest owing under Note 2 and is, therefore, in default under Note 2.

21. Payment of all principal and accrued interest under Note 2 is due and owing in the amount of $300,000 plus interest accruing at the rate of 5% per annum.

## COUNT III
### (Default Under Note 3 dated February 21, 2016 in the Principal Amount of $150,000 Plus Interest at 5% Per Annum)

22. Feigin loaned the principal sum of $150,000 to HSVI pursuant to the terms of a Promissory Note dated February 21, 2016, signed by Hamburger ("Note 3"), and secured by an interest in 75 shares of HSVI.

23. Pursuant to the terms of Note 3, interest was to accrue at the rate of five percent (5%) per annum, payable no less than quarterly, with all principal and interest paid in full by December 31, 2017.

24. Note 3 is an enforceable agreement whereby Feigin lent money to HSVI and, correspondingly, HSVI agreed to repay Feigin.

25. Plaintiff is not aware that HSVI has made any payment of principal or interest owing under Note 3 and is, therefore, in default under Note 3.

26. Payment of all principal and accrued interest under Note 3 is due and owing in the amount of $150,000 plus interest accruing at the rate of 5% per annum.

## COUNT IV
### (Default Under Note 4 dated October 3, 2016 in the Principal Amount of $150,000 Plus Interest at 5% Per Annum)

27. Feigin loaned the principal sum of $150,000 to HSVI pursuant to the terms of a Promissory Note dated October 3, 2016, signed by Hamburger ("Note 4").

28. Pursuant to the terms of Note 4, interest was to accrue at the rate of five percent (5%) per annum, payable no less than quarterly, with all principal and interest paid in full by September 30, 2018.

29. Note 4 is an enforceable agreement whereby Feigin lent money to HSVI and, correspondingly, HSVI agreed to repay Feigin

30. Plaintiff is not aware that HSVI has made any payment of principal or interest owing under Note 4 and is, therefore, in default under Note 4.

31. Payment of all principal and accrued interest under Note 4 is due and owing in the amount of $150,000 plus interest accruing at the rate of 5% per annum.

## COUNT V
### (Default Under Note 5 dated December 20, 2016 in the Principal Amount of $150,000 Plus Interest at 5% Per Annum)

32. Feigin loaned the principal sum of $150,000 to HSVI pursuant to the terms of a Promissory Note dated December 20, 2016, signed by Hamburger ("Note 5").

33. Pursuant to the terms of Note 5, interest was to accrue at the rate of five percent (5%) per annum, payable no less than quarterly, with all principal and interest paid in full by

December 31, 2018.

34. Note 5 is an enforceable agreement whereby Feigin lent money to HSVI and, correspondingly, HSVI agreed to repay Feigin.

35. Plaintiff is not aware that HSVI has made any payment of principal or interest owing under Note 5 and HSVI is, therefore, in default under Note 5.

36. Payment of all principal and accrued interest under Note 5 is due and owing in the amount of $150,000 plus interest accruing at the rate of 5% per annum.

**COUNT VI**
**(Default Under Note 6 dated May 10, 2017**
**in the Principal Amount of $150,000 Plus Interest at 5% Per Annum)**

37. Feigin loaned the principal sum of $150,000 to HSVI pursuant to the terms of a Promissory Note dated May 10, 2017, signed by Hamburger ("Note 6").

38. Pursuant to the terms of Note 6, interest was to accrue at the rate of five percent (5%) per annum, payable no less than quarterly, with all principal and interest paid in full by July 31, 2019.

39. Note 6 is an enforceable agreement whereby Feigin lent money to HSVI and, correspondingly, HSVI agreed to repay Feigin.

40. Plaintiff is not aware that HSVI has made any payment of principal or interest owing under Note 6 and is, therefore, in default under Note 6.

41. Payment of all principal and accrued interest under Note 6 is due and owing in the amount of $150,000 plus interest accruing at the rate of 5% per annum.

**COUNT VII**
**(Default Under Note 7 dated January 30, 2018**
**in the Principal Amount of $500,000 Plus Interest at 5% Per Annum)**

42. Feigin loaned the principal sum of $500,000 to HSVI pursuant to the terms of a

Promissory Note dated January 30, 2018, signed by Hamburger ("Note 7").

43. Pursuant to the terms of Note 7, interest was to accrue at the rate of five percent (5%) per annum, payable no less than quarterly, with all principal and interest paid in full by December 31, 2020.

44. Note 7 is an enforceable agreement whereby Feigin lent money to HSVI and, correspondingly, HSVI agreed to repay Feigin

45. Plaintiff is not aware that HSVI has made any payment of principal or interest owing under Note 7 and is, therefore, in default under Note 7.

46. Payment of all principal and accrued interest under Note 7 is due and owing in the amount of $500,000 plus interest accruing at the rate of 5% per annum.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

**WHEREFORE,** Plaintiff, Goldman Sachs Trust Company, N.A., in its capacity as Executor of the Estate of Stuart Feigin, demands Judgment against Defendants Edward Hamburger f/k/a Edward Hamilton and Hamburger's Specialty Vehicles, Inc. d/b/a Specialty Vehicle Engineering, Inc.:

(a) awarding Plaintiff compensatory damages of $1,900,000.00, plus all accrued interest at the rate of 5% per annum;

(b) awarding Plaintiff its attorney's fees and costs pursuant to the terms of the Notes; and,

(c) granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: December 6, 2023

**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, NJ  07932-0677
(973) 360-7900

 /s/ Kevin G. Walsh
Kevin G. Walsh, Esq.
*Attorneys for Plaintiff The Goldman Sachs Trust Company, N.A., in its capacity as Executor of the Estate of Stuart Feigin*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, it is hereby stated that the matter in controversy as alleged by plaintiff against defendants is not the subject of any other action pending in any other Court or a pending arbitration or administrative proceeding to the best of my knowledge and belief.

Dated: December 6, 2023

**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, NJ  07932-0677
(973) 360-7900

*/s/ Kevin G. Walsh*
Kevin G. Walsh, Esq.
*Attorneys for Plaintiff The Goldman Sachs Trust Company, N.A., in its capacity as Executor of the Estate of Stuart Feigin*